Dear Mayor Cox:
This office is in receipt of your request for an opinion of the Attorney General in regard to failure of a quorum of the Board of Aldermen to attend Town meetings. You indicate a special meeting was called for January 29, 2002 with the agenda timely posted, provided to the media and delivered to each alderman, but only two of the five aldermen appeared. The meeting was then reset for January 31, and again only two aldermen appeared, whereupon the meeting was reset for February 7. On this date the meeting had only two aldermen in attendance, and had to be called for lack of a quorum.
You ask what are the necessary steps needed to be taken to resolve this situation by obtaining three new aldermen who are interested in serving and providing a quorum for the conduct of the Town Business.
This office has noted that a public officer who does not perform his duty can be liable for malfeasance, Atty. Gen. Ops. 01-53, 93-541. R.S. 14:134 provides as follows:
 Malfeasance in office is committed when any public officer or public employee shall:
 (1) Intentionally refuse or fail to perform any duty lawfully required of him, as such officer or employee; or
* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *
 Any duty lawfully required of a public officer or public employee when delegated by him to a public officer or public employee shall be deemed to be a lawful duty of such public officer or employee. The delegation of such lawful duty shall not relieve the public officer or employee of his lawful duty.
 Whoever commits the crime of malfeasance in office shall be imprisoned for not more than five years with or without hard labor or shall be fined not more than five thousand dollars or both.
In Attorney General Opinion of 1960-62, Page 311, it was observed that while no statute was found that penalized a school board member for failure to attend meetings, continued absence over a considerable period of time would constitute grounds for removal from office. It was then noted that in R.S. 14:134 malfeasance is defined as the intentional refusal or failure to perform any duty lawfully required of the public officer, and it was stated, "It is our opinion that the continued failure or refusal to attend meetings of the School Board, without any excuse other than that of purely business reasons, would doubtless constitute malfeasance in office, and the courts would doubtless construe such malfeasance as misconduct in office, * * *." It was further recognized that the District Attorney may file suit for removal on his own motion or initiative, and he is required to file such suits on written request of citizens and taxpayers in cases of parochial officers.
In response to a similar question in regard to a Chief of Police, this office concluded in Atty. Gen. Op. 00-51 if he fails to perform his duty as a public official, the remedy to remove him from office would be by recall election or by filing charges for malfeasance in office. With regard to a recall election it was noted qualified electors have to petition for a recall election under R.S. 18:1300.1 et seq., and to the charge of malfeasance in office, the decision rests with the district attorney who has broad discretion in both the institution and handling of criminal prosecutions for malfeasance in office.
Wherein R.S. 33:405 provides for at least one regular meeting of the board of aldermen in each month, and that special meetings may be called by the mayor or a majority of the members of the board. Whether failure to attend special meetings is malfeasance is a factual question within the discretion of the district attorney; and a recall would have to comply with the statutory provisions that mandate signatures of a specified percent of the voters for a community, and recall is not applicable if less than six months remain in the term of office.
We hope this sufficiently answers your inquiry.
Very truly yours,
 RICHARD P. IEYOUB Attorney General
 By: ____________________________ BARBARA B. RUTLEDGE Assistant Attorney General
RPI/bbr